IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JANET M. MIZELLE, Temporary        *
Administrator, Estate of           *
Morgan Mizelle,                    *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *          CV 119-198
                                   *
WELLPATH LLC, et al.,              *
                                   *
        Defendants.                *

_____

**O R D E R**

_____

Before the Court is Defendants Augusta-Richmond County (the
"County") and Mayor Hardie Davis, Jr.'s motion to dismiss.  (Doc.
17.)  For the following reasons, the motion is granted.

## I.   BACKGROUND

Morgan Mizelle was held as a pretrial detainee in the Charles
B. Webster Detention Center in Augusta, Georgia, from January 2017
to November 2017.  (See Compl., Doc. 1, ¶¶ 4, 43, 46.)[1]  While in
pretrial detention, Mr. Mizelle began vomiting after every meal,
causing severe weight loss.  (See id., ¶¶ 52-54.)  Despite his
numerous sick calls, he was only given ibuprofen, a nausea

_____

[1] The Complaint was amended to properly name some Defendants, but
the amendment made no substantive changes.  (See Docs. 44, 63.)

reliever, and meal replacement drinks. (See id., ¶¶ 63-67.) Mr. Mizelle was finally taken to an outside specialist on November 1, 2017, where he was to be scheduled for an endoscopy. (See id., ¶¶ 68-70.) Mr. Mizelle never received an endoscopy because he was released on November 17, 2017. (See id., ¶ 71.) Later, on January 5, 2018, Mr. Mizelle was diagnosed with "stage IIB gastric cardia adenocarcinoma (esophageal/stomach cancer)." (Id., ¶ 47.)

Mr. Mizelle filed this lawsuit pursuant to 42 U.S.C. § 1983 against numerous defendants, including the County and Mayor Davis in his official capacity.[2] Mr. Mizelle alleges that the County failed to provide adequate medical care and acted with deliberate indifference to Mr. Mizelle's serious medical needs while in pretrial detention. (See id., ¶ 39.) After filing suit, Mr. Mizelle succumbed to cancer on February 2, 2020. (See Suggestion of Death, Doc. 65.) Following his death, the Court substituted Janet M. Mizelle, temporary administrator of Mr. Mizelle's estate, as Plaintiff in the case (hereinafter "Plaintiff"). (See Order of June 30, 2020, Doc. 79.)

---

[2] A suit against a county official in his or her official capacity is considered a suit against the county. See Lee v. Christian, 221 F. Supp. 3d 1370, 1380 (S.D. Ga. 2016) ("Suits brought against public employees in their official capacity are considered suits against the governmental entity for which they are employed, and therefore are foreclosed." (citing Cameron v. Lang, 549 S.E.2d 341, 344-47 (Ga. 2001))). Accordingly, the Court applies its analysis to the County only.

## II.  LEGAL STANDARD

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984).  Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).  The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).  When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is

3

appropriate.   See Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

## III. DISCUSSION

"A county is 'liable under section 1983 only for acts for which [it] is actually responsible.'  Indeed, a county is liable only when the county's 'official policy' causes a constitutional violation." Grech v. Clayton Cty., 335 F.3d 1326, 1329 (11th Cir. 2003) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (2018); quoting Marsh v. Butler Cty., 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc)).  A plaintiff has two methods of establishing a county's official policy: (1) by identifying an officially promulgated county policy, or (2) by identifying an "unofficial custom or practice of the county shown through the repeated acts of a final policy maker for the county." Id. (citing Monell, 436 U.S. at 690-91; Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999)).  In either event, a plaintiff must show that the government entity has authority and responsibility over the governmental function at issue.  See Grech, 335 F.3d at 1330.  This is the hurdle Plaintiff cannot clear in this case.  The County is not responsible for providing medical treatment to detainees housed in the County jail.

4

Georgia law governs the provision of medical services in county jails. O.C.G.A. § 42-4-4 states that it is the sheriff's duty to "furnish persons confined in the jail with medical aid." Further, the sheriff's duty and authority to manage the jail is derived from the State and not the county. See Manders v. Lee, 338 F.3d 1304, 1315 (11th Cir. 2003); see also Lake v. Skelton, 840 F.3d 1334, 1338 (11th Cir. 2016) ("[T]he [sheriff's] office is independent from [the] County and its governing body." (citing Ga. Const. art. IX, § II, para. 1(c)(1))).

While O.C.G.A. § 42-5-2(a) provides that the "governmental unit, subdivision, or agency having the physical custody of an inmate" is responsible for providing medical care to the inmate, the Eleventh Circuit has ruled that the sheriff, and not the county, is the governmental agency with custody of inmates. See Lake, 840 F.3d at 1340 ("The sheriff, not the county, is the 'governmental unit, subdivision, or agency' having custody of inmates in county jails.") All Section 42-5-2 requires of counties is to fund the provision of medical care. See id. at 1341 ("[T]he county must fund the provision of medical care, and the sheriff must select an appropriate provider and ensure that inmates receive care when necessary.")

The Complaint highlights the County's involvement in the contracting process between the County and Defendant Wellpath, LLC, the company that provides employees and contractors to furnish

5

medical care in the jail. (See, e.g., Compl., ¶¶ 312-20.) As the County points out, it is to be expected that it would enter into a contract with Wellpath because the County is responsible for funding the medical care in its prisons. However, the County's contract to pay for Wellpath's services in the jail does not equate to the requisite "authority and responsibility over the governmental function in issue." See Grech, 335 F.3d at 1330. As explained above, in Georgia, the authority and responsibility for providing medical care to prisoners rest with the sheriff – derived from the State - and not the county. Thus, the Complaint fails to state a claim against the County upon which relief can be granted.

## IV.  CONCLUSION

Upon the foregoing, the motion to dismiss (Doc. 17) is **GRANTED**. Because no claims remain against Defendants Augusta-Richmond County and Mayor Davis, the Clerk is **DIRECTED** to **TERMINATE** these Defendants as parties to the case.

**ORDER ENTERED** at Augusta, Georgia this _14th_ day of July, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA